Hambardzumyan v. Holder

BIA
Hom, IJ
A088 527 924

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fourteen.

PRESENT:
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*
_____

SIRUN HAMBARDZUMYAN,
        *Petitioner,*

        v.                                        13-871
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Alexander J. Segal, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Anh-Thu P. Mai-Windle,
                       Senior Litigation Counsel; James A.
                       Hurley, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sirun Hambardzumyan, a native of the Soviet Union and citizen of Armenia, seeks review of a February 8, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") May 18, 2011, denial of Hambardzumyan's second motion to reopen. *In re Sirun Hambardzumyan*, No. A088 527 924 (B.I.A. Feb. 8, 2013), *aff'g* No. A088 527 924 (Immig. Ct. N.Y. City May 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is undisputed that Hambardzumyan's motion was untimely because it was filed approximately three years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing motion must be filed within 90 days of final administrative decision). There is no time limit, however, for moving to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not

2

have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the agency's determination that Hambardzumyan failed to demonstrate a material change in conditions in Armenia. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007); *see also Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006).

As the agency found, the State Department's 2007 International Religious Freedom Report for Armenia reveals that there was no change in the status of religious freedom since the prior reporting period, the general population harbored negative attitudes towards Jehovah's Witnesses, and Jehovah's Witnesses were verbally targeted and experienced several assaults. The same report for 2010 similarly provides that there was no change in the status of religion freedom since the prior reporting period, leaflets were

3

distributed that contained messages hostile to Jehovah's Witnesses, and there was one incident in which a Jehovah's Witness Kingdom Hall was set on fire.  Thus, both reports show ongoing hostility towards Jehovah's Witnesses, but not a material change in conditions between 2007 and 2010.  Consequently, the record supports the agency's determination that Hambardzumyan did not demonstrate a change in country conditions in Armenia that would excuse the untimely filing of her motion to reopen.

Because the timeliness of Hambardzumyan's motion to reopen is dispositive, the agency was not required to determine whether Hambardzumyan established her *prima facie* eligibility for relief.  *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, Hambardzumyan's allegation of IJ bias is unavailing.  The IJ merely commented that Hambardzumyan's exhibits were not highlighted or tabbed as required by the Immigration Court's Practice Manual.  Given that the IJ then considered all of the documents, there is no basis for a claim of bias and no indication that Hambardzumyan was

4

deprived of due process.  *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5